```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

```
CAILIN JAMES, et al.,         )
        Plaintiff,            )
                              )   Civ. Action No. 17-12346-PBS
        v.                    )
                              )
COMMOWEALTH OF                )
MASSACHUSETTS, et al.,        )
        Defendants.           )
```

MEMORANDUM AND ORDER
January 8, 2018

SARIS, C.D.J.

For the reasons set forth below, the Court grants the plaintiff's renewed motions to proceed in forma pauperis and directs her to show cause in writing why this action should not be dismissed, or, in the alternative, file an amended complaint.

BACKGROUND

Cailin James ("James") brings this action on behalf of herself and her three minor children alleging, among other things, that in custody disputes before the Massachusetts courts they were subjected to discrimination based upon mental disability.  See Complaint ("Compl."). The first-page of the complaint states that the action is brought pursuant to the Rehabilitation Act and the Americans With Disabilities Act and lists nine "related" cases from other federal district courts .[1]

---

[1]The purported related cases are identified on the first page of the complaint as: District of New Jersey Karen Wolf et al v. State of New Jersey, et al 2:2017-cv-0272; Southern District of New York Susan Skipp v. State of Connecticut 17-8440; Northern

See Compl. at ¶ 10 (plaintiff hopes to go to Multi district litigation with the other federal cases listed); see also id. at p. 28-p. 30.

The case caption of the complaint lists as defendants the Commonwealth of Massachusetts, Massachusetts Attorney General Maura Healey, and to "see attached" for the full list of the defendants. Id. The body of the complaint identifies 56 defendants including the biological father of plaintiff's children, several Massachusetts state court judges and state court employees, attorneys practicing in Massachusetts, several DCF offices, the Georgetown and West Newbury Police Departments, several school principals, and several counseling and family service entities and their employees. Id. at ¶¶ 37-92.

The complaint consists primarily of a recounting of events surrounding the plaintiff's contact with the various defendants during divorce and child custody proceedings as well as her unsuccessful efforts to have certain judges recused, certain

---

District of California Melissa Barnett v. State of California 17-05514; Northern District of California Florence Broyer v. State of California 17-6063; District of Oregon Coral Theil v. State of Oregon 2017-1722; District of Oregon Davi Sanchez v. State of Washington 2017-01669; District of Oregon Donja Bunnel v. State of Oregon 2017-1786; Middle District of Alabama Miranda Mitchell v. State of Alabama 2017-cv-768; and Middle District of Oklahoma Lisa Knight v. State of Oklahoma 17-1250.

witness testimony barred and certain state court proceedings stayed.

Plaintiff alleges that in 2012 she obtained a "Separation Agreement" that she contends was discriminatory and unfair because it "was highly bias to father and should not have been allowed by Judge Abber." Compl. at ¶¶ 14, 15. She alleges that the agreement "incorporated a disparate marital asset disbursement, unfair property disbursement, and parenting plan with bargained-for terms," id. at ¶ 14, and that it provided her with "with child support, primary residential custody – as a result of father's assault and battery on Ms. James in January, 2011, which left her with permanent spinal injury and PTSD, and alimony – and joint legal custody – made under threat by father and counselors for father, causing extreme duress – the parties children: L.K., N.K., and J.K." Id.

For relief, plaintiff seeks an unspecified amount of compensatory and punitive damages as well as $250,000 reimbursement for expenses she incurred. Compl., Relief at ¶¶ 7, 8. She also seeks "[i]njunctive relief [to] honor the Separation Agreement dated 5/12 as a permanent order" and to "declare all orders and judgments between 5/12 and [the] present legally null and void." Id., Relief at ¶¶ 10, 11. Additionally, she seeks to have this court (1) declare that "Defendants" have violated the ADA and Rehabilitation Act, (2)

3

enjoin "Defendants, their officers, agents and employees, and all other persons in active concert or participation with Defendants, as well as any successors or assigns" from engaging in discriminatory policies and practices against individuals based on their disabilities," (3) order "Defendants" to modify their policies and practices and promptly remedy the alleged statutory violations; (4) terminate "Defendants' federal financial assistance" and "assess a civil penalty against defendants," and (5) award attorneys' fees and costs." Id., Relief at ¶¶ 1-11. In the body of the complaint, plaintiff states that a "mitigating measure and remedy would require the restoration of Plaintiff children to Plaintiff mother, per enforcement of [the judgment of divorce]." Compl. at p. 47 (¶ 11).

DISCUSSION

I. Plaintiff's Renewed Motions to Proceed In Forma Pauperis

Plaintiff's renewed motions to proceed in forma pauperis are allowed. Because plaintiff is proceeding in forma pauperis, her complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2).

II. Screening of the Complaint

Because the plaintiff is proceeding in forma pauperis, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in

4

which a plaintiff seeks to proceed without prepayment of fees if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a claim for recovery that is " 'plausible on its face." Eldredge v. Town of Falmouth, 662 F.3d 100, 104 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. at 678 (quotation marks omitted)). A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. Fed. R. Civ. P. 8(a). However, the allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one

5

for which the law affords a remedy. Iqbal, 556 U.S. at 678. Legal conclusions couched as facts and "threadbare recitals of the elements of a cause of action" will not suffice. Iqbal, 556 U.S. at 678. See also Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

Federal Rule of Civil Procedure 8(d)(1) imposes the additional pleading requirement that "[e]ach allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). "The purpose of a clear and distinct pleading is to give defendants fair notice of the claims and their basis as well as to provide an opportunity for a cogent answer and defense." See Belanger v. BNY Mellon Asset Management, No. 15-cv-10198-ADB, 2015 WL 3407827 (D. Mass. May 27, 2015).

In conducting this review of the complaint, a pro se plaintiff such as James is entitled to a liberal reading of her allegations, even when such allegations are inartfully pled. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). A pro se litigant's obligation to comply with the Federal Rules of Civil Procedure includes the requirement that a complaint complies with the "short and plain statement" requirement." See Koplow v. Watson, 751 F. Supp.2d 317 (D. Mass. 2010) (dismissing pro se complaint for failing to comply with Rule 8).

III. The Complaint Fails to Comply with Basic
     Pleading Requirements of the Rules of Civil Procedure

Here, the complaint fails to state a claim upon which relief may be granted. Plaintiff has not sufficiently identified the alleged acts of misconduct by each of the parties, and the Court will not credit her conclusory assertions.

Plaintiff challenges divorce and child custody proceedings, but it is often unclear when the court proceedings occurred or what type of proceedings these were. The complaint contains many paragraphs of legal argument. The complaint refers repeatedly to what the "Defendants" did to the "Plaintiffs" and alleges that the situation is attributed to the actions "of the commonwealth of Massachusetts et al." Compl. at ¶ 2, see also id. at ¶¶ 1, 3, 5-7, 17, 30-33, 39. The claims are primarily asserted collectively against the defendants and it is often impossible to cull out the causes of action asserted against each of the defendants separately. Further, Plaintiff makes bald assertions that the Defendants violated Plaintiffs' rights under the ADA and Rehabilitation Act, but apart from these assertions she does not clearly link specific factual allegations of wrongdoing against each Defendant. Rather, these assertions are often generalized and made as part of a general description of her claims. The claims are not set forth in a

7

fashion which would permit many of the Defendants to file a meaningful response. It would be unduly burdensome for the Defendants to parcel out or identify the precise grounds upon which each claim is based. Under the Federal Rules of Civil Procedure, the onus is on the Plaintiff to submit a Complaint which sets forth, in an organized fashion, each claim she seeks to assert. Plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." See 28 U.S.C. § 1915(e)(2)(B)(ii); Twombly, 550 U.S. at 570.

Additionally, it appears that at least some of the Defendants may be immune from the relief that plaintiff seeks. See 28 U.S.C. § 1915(e)(2)(B)(iii). In the Prayer for Relief, plaintiff seeks, among other things, compensatory and punitive damages. However, a state judge is absolutely immune from civil liability for damages for acts performed in his or her judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). To the extent Plaintiff brings suit against state judges for alleged tortious conduct taken in an administrative capacity, this Court does not know whether plaintiff is suing the judges here for administrative acts or judicial acts or any other kinds of acts, because the complaint

does not provide enough factual allegations about what plaintiff claims the defendants each did.

IV. <u>Order to Show Cause or Amend Complaint</u>

In light of the foregoing, this action will be dismissed in 35 days unless Plaintiff demonstrates good cause in writing why this action should not be dismissed, or, in the alternative, files an Amended Complaint which cures the pleading deficiencies noted herein.

If Plaintiff files an amended complaint, she must set forth, with clarity, the alleged misconduct of each party and focus on the facts, rather than on legal argument. This should include concise, clear statements of the unlawful actions that plaintiff alleges occurred, timelines for when these events happened, and information about which defendants committed the acts. As an amended complaint completely replaces the original complaint, <u>see</u> <u>Connectu LLC v. Zuckerberg</u>, 522 F.3d 82, 91 (1st Cir. 2008), the plaintiff should repeat in any amended complaint any allegations in the original complaint that she wishes to be part of the operative complaint.

Failure to comply with these directives or to provide a sufficient show cause response or amended complaint will result in dismissal of this action. No summonses shall issue pending further Order of the Court.

ORDER

Based on the foregoing, it is hereby Ordered that:

1.   The motions [ECF Nos. 10, 11] for leave to proceed in forma pauperis are granted.


2.   If Plaintiff wishes to proceed with this action, she must, within thirty-five (35) days from the date of this Order, show cause in writing why this action should not be dismissed, or, in the alternative, file an Amended Complaint which cures the pleading deficiencies of the original complaint.

3.   No summons shall issue pending further Order of the Court.

SO ORDERED.

    /s/ Patti B. Saris
PATTI B. SARIS
CHIEF UNITED STATES DISTRICT JUDGE