```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

CAILIN JAMES, et al.,           )
        Plaintiff,              )
                                )  Civ. Action No. 17-12346-PBS
        v.                      )
                                )
COMMOWEALTH OF                  )
MASSACHUSETTS, et al.,          )
        Defendants.             )

                              ORDER
                          March 5, 2018

SARIS, C.D.J.

On January 8, 2018, this Court issued a Memorandum and Order (Docket No. 12) granting plaintiff's renewed motions to proceed in forma pauperis and directing her to show cause in writing why this action should not be dismissed, or, in the alternative, file an amended complaint.  The Memorandum and Order explained that plaintiff had not sufficiently identified the alleged acts of misconduct by each of the parties and that many of the defendants have immunity from suit.

The Court's records indicate that plaintiff has not responded to the Memorandum and Order and the time to do so expired on February 12, 2018.  It is a long-established principle that this Court has the authority to dismiss an action sua sponte for a plaintiff's failure to prosecute her action and her failure to follow the Court's orders.  Fed. R. Civ. P. 41(b).  "The authority of a federal trial court to dismiss a plaintiff's action ... because of his failure to prosecute

cannot seriously be doubted," and "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). See Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002) ("Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, ... disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]") (internal citation omitted) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

While the court exercises this authority with caution, dismissal is appropriate in the case at hand. Without plaintiff's active participation, the court cannot effect the advancement of the case to a resolution on the merits. Accordingly, Plaintiff's failure to comply with the court's Memorandum and Order warrants dismissal of this action.

Accordingly, for the failure to comply with this Court's directive and for the substantive reasons set forth in the prior Memorandum and Order (Docket No. 12), this action is hereby DISMISSED in its entirety.

SO ORDERED.

                                         /s/ Patti B. Saris  
                                         PATTI B. SARIS  
                                         CHIEF UNITED STATES DISTRICT JUDGE